Azizul ALAM, Petitioner,

v.

Eric H. HOLDER, Jr., United States Attorney General, Respondent.

No. 11–3573.

United States Court of Appeals, Second Circuit.

July 23, 2012.

Joseph De Simone, Melissa Beth Francis, Mayer Brown LLP, New York, NY, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristen Giuffreda Chapman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, RICHARD C. WESLEY and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Azizul Alam, a native and citizen of Bangladesh, seeks review of an August 5, 2011 decision of the BIA, denying his motion to reopen his removal proceedings. *In re Azizul Alam*, No. A073 170 753 (B.I.A. Aug. 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, Alam's motion was indisputably untimely, as he filed it more than thirteen years after his order of deportation, and number-barred because it was his third motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Alam was therefore required to establish materially "changed country conditions arising in [his] country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Substantial evidence supports the BIA's determination that Alam failed to satisfy this standard. *See Jian Hui Shao v. Mu-*

*kasey*, 546 F.3d 138, 169 (2d Cir.2008). Alam's motion rested principally on evidence documenting recent violence perpetrated by the government-sponsored Rapid Action Battalion ("RAB") against its political opponents, including supporters of the Jatiya Party, like Alam. Alam also submitted documents showing that members of the BNP and the Awami League had threatened and attacked his family, allegedly because of Alam's political activities. However, the conditions portrayed by this evidence do not differ materially from those Alam described in his original asylum application in 1997. And for this reason, substantial evidence supports the BIA's finding that Alam failed to demonstrate a material change in country conditions to render him eligible for reopening his removal proceedings.

Additionally, we reject Alam's assertion that the BIA ignored record evidence or made conclusory findings. Upon review of the BIA's decision, we conclude that the BIA considered the evidence Alam presented and that its determination that he failed to meet the applicable standard was not "devoid of any reasoning" or lacking in any "rational explanation." *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (internal quotation marks omitted). Finally, assuming, without deciding, that the BIA's egregious disregard of applicable standards could give rise to a claim of constitutional proportions, the record confirms that the BIA afforded Alam "a full and fair opportunity" to present his claims, thus undermining his due process challenge. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006). We have considered all of Alam's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).